**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WEPOWER TECHNOLOGIES LLC

                Plaintiff,

v.

DAVID DEAK  and GENEREN LLC

                Defendants.

Civil Action No. 7:22−cv−03364−NSR

**<u>CONFIDENTIALITY STIPULATION
AND PROPOSED PROTECTIVE
ORDER</u>**

---

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        a.      The requesting party and counsel, including in-house counsel;

        b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10.      At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer

subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.


Dated:  March 31, 2023
        White Plains, New York


*/s/ David Aker*                        */s/ Adam P. Samansky*
David Aker                              Adam P. Samansky
23 Southern Road                        Brad M. Scheller
Hartsdale, NY 10530                     MINTZ, LEVIN, COHN, FERRIS,
Tel: (914) 674-1094                      GLOVSKY AND POPEO, P.C.
Cell: (914) 426-1775                    919 Third Avenue
E-mail: daveaker@optonline.net          New York, New York 10022
                                        Tel: 212-935-3000
*Counsel for Defendants*                Fax: 212-983-3115
*David Deak and GenerEn LLC*            apsamansky@mintz.com
                                        bmscheller@mintz.com

                                        *Counsel for Plaintiff*
                                        *WePower Technologies LLC*


                                        SO ORDERED.



                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge

                                         Dated: April 11, 2023

3

**EXHIBIT A**

**<u>Agreement</u>**

    I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled_____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

    Dated: March 30, 2023

_____          _____
Name (printed)                                                       Signature


Signed in the presence of:

_____
(Attorney)