UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WEPOWER TECHNOLOGIES, LLC,

                          Plaintiff,                      **ORDER**

         -against-                        22 Civ. 3364 (NSR) (AEK)

DAVID DEAK, *et al.*,

                          Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

At the May 24, 2023 status conference, the Court directed the parties to meet and confer regarding Plaintiff's proposals to obtain electronic discovery from Defendants by means of forensic imaging of any of Defendants' electronic devices or storage media that might contain electronically stored information responsive to Plaintiff's outstanding document demands.  As discussed at that conference, and as referenced in various written submissions, the use of an appropriate methodology for document collection and production in this case is of particular importance, because the metadata associated with electronically stored information that is in Defendants' possession is likely to be highly probative as to certain claims and defenses. Pursuant to the Court's instructions, the parties submitted a joint letter on June 1, 2023, which explained that they had not been able to reach any agreement with respect to forensic imaging, and set forth competing proposals for how to proceed with Defendants' document production. *See* ECF No. 37.

The Court has significant concerns regarding Defendants' ability to timely collect and produce electronically stored information, and to do so in a manner that does not interfere with the metadata that is of such significance here.  That said, requiring Defendants to submit all

electronic devices and storage media for forensic imaging—via a process that would be substantially controlled by Plaintiff's counsel and their selected vendor—is not warranted without at least giving Defendants a clear and final opportunity to fulfill their document production obligations in the manner of their choosing, and to do so by a date certain.

As a general matter, "under the provisions of Rule 34(b)(2), a responding party clearly controls the manner in which production will occur." *Baily v. Brookdale Univ. Hosp. Med. Ctr.*, No. 16-cv-2195 (ADS) (AKT), 2017 WL 2616957, at *3 (E.D.N.Y. June 16, 2017) (quotation marks omitted). Moreover, "[f]orensic examinations of computers and cell phones are generally considered a drastic discovery measure because of their intrusive nature." *Stewart v. First Transit, Inc.*, Civ. No. 18- 3768, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019) (quotation marks omitted). "[E]ven if acceptable as a means to preserve electronic evidence, compelled forensic imaging is not appropriate in all cases, and courts must consider the significant interests implicated by forensic imaging before ordering such procedures." *Aminov v. Berkshire Hathaway Guard Ins. Cos.*, No. 21-cv-479 (DG) (SJB), 2022 WL 818944, at *1 (E.D.N.Y. Mar. 3, 2022) (quotation marks omitted). While Plaintiff's concerns regarding Defendants' ability to properly produce electronically stored information and metadata are not unfounded, those concerns are largely speculative, and Defendants' pattern of delayed discovery responses—while problematic and not excusable—is not the type of conduct that typically gives rise to an order to permit forensic examination. Accordingly, Plaintiff's request for "an Order requiring Dr. Deak to produce all electronic devices in his possession, custody or control containing responsive materials . . . for forensic inspection and imaging at the New York offices of Plaintiff's counsel," ECF No. 37 at 1, is DENIED WITHOUT PREJUDICE. Defendants will be permitted to complete their production of electronically stored information in the manner that they deem

appropriate, with the admonition that the production must be made in a way that preserves all metadata in all files to be produced.  Defendants must complete this production of electronically stored information by June 14, 2023.  If Defendants do not complete their production of electronically stored information by this deadline (or seek and receive and extension in advance of the deadline), the Court will revisit Plaintiff's application to require forensic imaging of any relevant electronic devices and storage media, and will likely grant such application.

It is also important for the Court to reiterate the warning that was provided to counsel at the May 24, 2023 conference: at this point in the litigation, Defendants are fully on notice that the original metadata associated with whatever electronically stored information is in Defendants' possession is of great interest to Plaintiff, and may be of great significance to the outcome of the litigation.  Defendants have been offered various chances to engage in a document production process that would ensure the preservation of that metadata, and Plaintiff's counsel has proposed a number of potential safeguards that would ensure that privileged and other potentially sensitive information would not be made available to Plaintiff or Plaintiff's counsel as a result of forensic imaging.  If, having been placed on notice of the importance of the metadata, and having been given multiple chances to guarantee the preservation of the metadata, Defendants' efforts to produce the responsive electronically stored information on their own result in the destruction or irretrievable alteration of the metadata, the Court is likely to view this as a failure to preserve electronically stored information within the meaning of Rule 37(e) of the Federal Rules of Civil Procedure, and is further likely to find that Defendants acted with the intent to deprive Plaintiff of the use of this information in the litigation, as contemplated by Rule 37(e)(2).  In such circumstances, the Court would authorize Plaintiff to file a motion for sanctions against Defendants and, if appropriate, against Defendants' counsel.

* * * * * * * * * *

As for the issue raised in Plaintiff's June 5, 2023 letter, ECF No. 38, Defendants have offered no explanation for their failure to comply with the Court's order to provide revised responses and objections to Plaintiff's document demands by June 1, 2023, and Rule 37(b)(2) of the Federal Rules of Civil Procedure does permit the imposition of sanctions for failure to obey a discovery order.  In light of the serious health considerations identified on the record by Defendants' counsel at the May 24, 2023 conference, however, the Court will not impose sanctions at this time without giving Defendants an opportunity to cure their misconduct within a brief period of time, or to otherwise explain the reasons for the misconduct.  Accordingly, the Court hereby *sua sponte* extends the deadline for Defendants to provide revised responses and objections to Plaintiff's document demands to June 8, 2023.  Defendants must serve their revised responses and objections by that date, and must file a letter via ECF confirming that they have done so.  Alternatively, Defendants' counsel must file a letter via ECF setting forth in detail why the June 1, 2023 deadline was missed and providing a compelling justification for why counsel believes that a further extension of time is warranted.  Plaintiff's request for discovery sanctions and Plaintiff's corresponding request that the Court order payment of attorneys' fees and expenses pursuant to Rule 37(b)(2)(C) are DENIED WITHOUT PREJUDICE.

Dated:  June 7, 2023
        White Plains, New York

**SO ORDERED.**

_____

ANDREW E. KRAUSE
United States Magistrate Judge